375 P.2d 565

George Harvey HAWKINS and Ann R. Hawkins, Appellants,

v.

Charles THORNTON, Appellee.

No. 6786.

Supreme Court of Arizona,

En Banc.

Oct. 31, 1962.

---

Scott, Cavness & Yankee, Phoenix, Baumann & Rosengren, Scottsdale, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellee.

STRUCKMEYER, Justice.

This action arose out of a collision between an automobile driven by George Harvey Hawkins, husband of appellant Ann R. Hawkins, in which she was a passenger, and an automobile being driven by appellee, Charles Thornton. The verdict of the jury was against plaintiffs Hawkins and they appeal from the judgment and the order denying their motion for a new trial. The sole issue relates to the admissibility of a conversation between Mrs. Hawkins and one Dr. Ray Fife.

At the trial Mrs. Hawkins, over objection, was directed to relate a conversation which she testified was as follows:

"Dr. Fife said, 'How do you feel?' and I said, 'I am feeling somewhat better.' and he said, 'Mrs. Hawkins, there isn't a thing in the world wrong with you,' he said, 'I have seen hundreds of people like you, and,' he said, 'the pills that Dr. Taber has given you is nothing but vitamins, and,' he said, 'they won't do you any good.' He said, "The orthopedic treatments that you are taking,' he said, 'I suggest you discontinue those at once.' And I can't recall everything, he literally bawled me out and he said, 'What you need is a couple of treatments from a psychiatrist, and,' he said, 'what I should do is call a psychiatrist for you,' and with that I walked out of the office."

The conversation is palpably hearsay. State v. Coey, 82 Ariz. 133, 309 P.2d 260. Defendant, however, attempts to justify its introduction into evidence as an admission of a party made vicariously by a duly authorized agent, her physician, in the course of his employment. The evidence does not establish such an agency.

Dr. Fife was an associate of Dr. William A. Bishop, Mrs. Hawkins' personal physician. Except for one morning in the hospital shortly after the accident when he looked in on Mrs. Hawkins, asked her how she felt, and advised her that Dr. Bishop was out of town, he had no professional, or other contact, with her. Mrs. Hawkins testified that she never thought of him as being her physician, that he never examined her or that she ever consulted with him professionally. On the day in question she had not requested an appointment with him, nor did she know she was going to see him until she was ushered into his office, having gone to The Orthopedic Clinic to receive a scheduled orthopedic treatment. The physician-patient relationship, of course, is one of mutual consent. It cannot be assumed merely from an office or clinic association.

Defendant argues that to constitute grounds for reversal, the error must have been prejudicial to the rights of plaintiff. It is pointed out that the evidence relates solely to plaintiff's physical condition and that because of the defendant's verdict, the jury must have resolved the question of negligence against plaintiff. However, we think the testimony was damaging to the plaintiff's cause as a whole. The issue of negligence was hotly contested and the evidence pertaining thereto was very contradictory. The testimony, if believed by the jury, would wholly destroy Mrs. Hawkins' credibility. It branded her as a psychiatric case, feigning or imagining her injuries. This would lead the jury to believe that her other testimony relative to the negligence of defendant was contaminated with a like affliction. Where the issue of negligence is, as here, dependent upon the credibility of a key witness, the erroneous admission of testimony tending to destroy, or seriously impair, the believability of that witness must be held to be prejudicial error.

The granting of a motion for a new trial is in the sound discretion of the trial court. Yet, "such discretion, although broad, is legal and not arbitrary and must be exercised according to reason and law". State ex rel. Morrison v. McMinn, 88 Ariz. 261, 355 P.2d 900. In the light of the foregoing, the trial court's refusal to grant plaintiffs' motion for a new trial overstepped the bounds of reason and law.

Judgment reversed and remanded for a new trial.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.